UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AIG EUROPE, S.A., as assignee and/or
  subrogee of Luvata Buffalo, Inc., Luvata Oy
  f/k/a Luvata Holding Oy and Luvata
  International Oy and

LUVATA BUFFALO, INC.,

                Plaintiffs,

                **DECISION AND ORDER**
                09-CV-612A

    v.

MIH SCRAP METALS
  INTERNATIONAL, LLC et al.,

                Defendants.

---

## I.    INTRODUCTION

Pending before the Court is a motion by defendants Intertek Group PLC, Intertek Agri Services, Intertek Caleb Brett, Intertek Testing Services, and Intertek Testing Services (East Africa) (Pty) Ltd. for partial reconsideration under Rule 60 of the Federal Rules of Civil Procedure ("FRCP"). Specifically, the Intertek defendants seek reconsideration of those portions of this Court's prior Decision and Order of July 6, 2010 (Dkt. No. 71) finding personal jurisdiction over Intertek Group PLC and finding that plaintiffs pled fraud against all of them adequately. The Intertek defendants assert that personal jurisdiction over Intertek Group

PLC cannot exist "because it is an English holding company located in London with no dealing with the plaintiffs, no involvement with the copper transaction, and no employees or business in the United States." (Dkt. No. 74-2 at 5.) The Intertek defendants assert further that plaintiffs have failed to plead fraud as against any of them because "[n]one of the facts alleged in the Complaint, or cited in the Court's Order allege that any Intertek Defendant had any motive for committing the alleged frauds." (*Id.* at 13.) The Court will assume familiarity with the underlying facts of this case as stated in the parties' papers and as summarized in the prior Decision and Order. For the reasons below, the Court will deny the pending motion.

## II.    DISCUSSION

Although the Intertek defendants have asserted that the Court "overlooked" various facts concerning them, the motion papers read more like a request to separate Intertek Group PLC and to reach a different outcome on plaintiffs' fraud claims based on the facts already in the docket. In that sense, the pending motion falls more under FRCP 60(b) than FRCP 60(a). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . ." FRCP 60(b). "Rule 60(b) provides a mechanism for extraordinary judicial relief [available] only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary." *Motorola*

2

*Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (alteration in the original) (internal quotation marks and citations omitted).

### A. Personal Jurisdiction

"New York courts have generally focused on the following indicia of jurisdiction: the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) (citation omitted). With respect to physical presence in New York, "Intertek [Group PLC] has offices in the following states: . . . New York . . . ." (Dkt. No. 55-5 at 2.) Within New York State, Intertek Group PLC has two offices in Cortland and one in New York City. (*Id.* at 11.) By its own admission, then, Intertek Group PLC appears to have a physical presence in New York.

Additionally, "[a] subsidiary will be considered a 'mere department' of the named defendant where the defendant's control over the subsidiary is pervasive enough that the corporate separation is more formal than real. Common ownership of the defendant over which jurisdiction is sought to be asserted, and the alleged 'department,' is an essential factor for a finding of jurisdiction over the parent. Stock ownership of the subsidiary, standing alone, is not enough to prove that the subsidiary is a department of the parent. Instead, the court must consider: (1) the financial dependency of the subsidiary on the parent; (2) the

parent company's interference in the assignment of the subsidiary's key personnel; (3) the observance of corporate formalities and (4) control by the parent of the day-to-day operation of the subsidiary." *Gallelli v. Crown Imports*, LLC, No. CV-08-3372, 2010 WL 1177449, at *6 (E.D.N.Y. Mar. 20, 2010) (internal quotation marks and citations omitted). Here, Intertek Group PLC "comprises 219 subsidiary companies and one associated company." (Dkt. No. 55-3 at 76.) Even if one of the Intertek defendants is the lone associated company mentioned in Intertek Group PLC's financial statements, simple math dictates that all of the others would have to be subsidiary companies. "Subsidiaries are those entities controlled by [Intertek Group PLC]. Control exists when [Intertek Group PLC] has the power, directly or indirectly, to govern the financial and operating policies of an entity so as to obtain benefits from its activities." (*Id.* at 59.) Leadership of all Intertek companies appears to be centralized. "Effective 1 January 2009, the management reporting structure was reorganised such that management was more unified on a regional and country basis, and senior management was responsible for divisional results globally. The internal reporting systems were also changed to support the new reporting structure. Previously, lines of responsibilities and ultimately decision-making were held at a more local level whereas in 2009, lines of responsibilities and decision-making were held at a global divisional level." (*Id.* at 69.) These substantive facts come from the notes to Intertek Group PLC's financial

statements and are more than just introductory or promotional comments. These substantive facts suggest that Intertek Group PLC financially dominates its subsidiaries and controls any management decision of substance that any of its subsidiaries makes. Together with the admission of a physical presence in New York, these substantive facts suffice for a prima facie showing of personal jurisdiction over Intertek Group PLC as explained in the Court's prior Decision and Order. The Court thus will not disturb the analysis and holding from its prior Decision and Order.

### B. Scienter

"A common method for establishing a strong inference of scienter is to allege facts showing a motive for committing fraud and a clear opportunity for doing so. Where motive is not apparent, it is still possible to plead scienter by identifying circumstances indicating conscious behavior by the defendant, though the strength of the circumstantial allegations must be correspondingly greater." *Beck v. Mfrs. Hanover Trust Co.*, 820 F.2d 46, 50 (2d Cir. 1987) (citations omitted), *abrogated in part on other grounds by U.S. v. Indelicato*, 865 F.2d 1370 (2d Cir. 1989). In its prior Decision and Order, the Court noted that conclusory allegations of scienter are adequate this early in the case and that all inferences would be drawn in plaintiffs' favor. The Court also noted previously that plaintiffs have pled in their respective complaints factual circumstances indicating that 25 certified, sealed, and untampered shipping containers that

5

should have contained 500 metric tons of copper but instead contained worthless rocks, sand, and debris.  If true, as the Court must assume at this stage of the litigation, then the Intertek defendants must have known about this situation.  Logic dictates that the certification and sealing, as described in the survey report, would not have happened accidentally or negligently.  The inferences that the Court is required to construe in plaintiffs' favor include the inference that, with an amount of loss exceeding $3.7 million, the Intertek defendants' actual (and improper) benefit from the alleged fraud exceeded its contractual invoice of 1,481,579 Tanzanian shillings.  Of course, whether plaintiffs can prove fraud at trial by a preponderance of the evidence is another matter entirely, but there is no reason at this time to disturb the analysis and holding of the Court's prior Decision and Order.

## III. CONCLUSION

For all of the foregoing reasons, the Court denies the Intertek defendants' motion for partial reconsideration (Dkt. No. 74).

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 25, 2010